[Cite as *Dunaway v. Univ. of Cincinnati*, 2012-Ohio-1248.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY D. DUNAWAY

    Plaintiff

    v.

UNIVERSITY OF CINCINNATI

    Defendant

Case No. 2010-11137

Judge Joseph T. Clark

DECISION

{¶1} On December 9, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On December 23, 2011, plaintiff filed a memorandum contra. The motion came before the court for a non-oral hearing on January 6, 2012. Also on January 6, 2012, defendant filed a combined motion for leave to file a reply and motion to strike, which is GRANTED, in part, such that the unauthenticated documents attached as Exhibit A to plaintiff's memorandum shall not be considered.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} According to the complaint, plaintiff retired from defendant's employ in 2006, after 24 years of service. In October 2008, plaintiff applied with defendant for a job opening as an Air Quality Technician II; however, there is no dispute that, due to budget constraints, this position was never filled. Rather, plaintiff's claims arise from another Air Quality Technician II position that he applied for in October 2009. Plaintiff alleges that defendant administered him written and practical examinations in conjunction with that application, but later excluded him from consideration for the position, ostensibly due to a policy that generally prohibited persons who retired from defendant from being re-employed within the Administration and Finance Department.

{¶5} Plaintiff was approximately 58 years of age at the time, and there is no dispute that a substantially younger person was ultimately hired for the position in question. Plaintiff asserts that defendant's failure to hire him constitutes discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (ADEA) and R.C. Chapter 4112; more specifically, plaintiff asserts in his memorandum that his state law claim arises under R.C. 4112.14.

{¶6} Plaintiff's age discrimination claims are based upon theories of both disparate treatment and disparate impact. "To prevail on a theory of disparate treatment discrimination, a plaintiff must prove that the protected trait motivated his employer's decision. * * * To prevail on a theory of disparate impact age discrimination, a plaintiff must prove that an employer's facially neutral policies or practices fall more harshly on a protected group." *Caldwell v. Ohio State Univ.*, Franklin App. No. 01AP-997, 2002-Ohio-2393, ¶66. (Internal citation omitted.)

{¶7} Plaintiff's claims of disparate treatment may be proven either by direct evidence of discrimination or through the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, and *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248. See *Harris v. Metro. Govt. of Nashville and Davidson*

*Cty., Tenn.* (C.A.6, 2010), 594 F.3d 476, 485. "To establish a prima facie case of age discrimination under the *McDonnell Douglas/Burdine* framework, a plaintiff must establish: (1) he was at least forty years old when the alleged discrimination occurred; (2) he applied for and was qualified for a position for which the employer was seeking applicants; (3) despite his qualifications he was rejected; and (4) the employer selected a substantially younger person for the position. * * * If the plaintiff demonstrates a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision. * * * Once the defendant articulates a legitimate nondiscriminatory reason for its action, the burden shifts back to the plaintiff to establish that the defendant's 'proffered reason was a mere pretext for intentional age discrimination.'" *Moore v. Abbott Labs.* (S.D.Ohio 2011), 780 F.Supp.2d 600, 610, quoting id. (Internal citations omitted.)

{¶8} "To establish a prima facie case of disparate impact, a plaintiff must: (1) identify the 'particular employment practice'; (2) show a disparate impact on a protected group; and (3) prove that the employment practice caused the disparity." *Miller v. Potash Corp. of Saskatchewan, Inc.*, Allen App. No. 1-09-58, 2010-Ohio-4291, ¶49, citing *Meacham v. Knolls Atomic Power Lab.* (2008), 554 U.S. 84. "[O]nce a plaintiff establishes a prima facie case of disparate impact, the employer has the opportunity to rebut the presumption of discrimination by producing evidence of a 'business justification' for its 'neutral' hiring criteria, or, under the ADEA, to demonstrate that the employer's actions were based upon a 'reasonable factor other than age.'" Id., at fn. 11. "At that point, the burden shifts back to the plaintiff to show either that the employer's reason is a pretext for discrimination, or that there exists an alternative employment practice, without the disparate impact, that also serves the employer's legitimate interests." *Abbott v. Federal Forge, Inc.* (C.A.6, 1990), 912 F.2d 867, 872.

{¶9} With respect to disparate treatment, plaintiff asserts that he can present direct evidence of discrimination sufficient to sustain his claim. Plaintiff chiefly relies upon a remark allegedly made by defendant's Manager of Maintenance and Operations, Dan Richards, the employee who led the selection process for the position. Plaintiff submitted the deposition testimony of Lou Grieco, who serves as a Building Superintendent I for defendant and served on the interview committee for the position;

Grieco is also plaintiff's brother-in-law. Therein, Grieco testified that when he asked Richards why plaintiff was not being interviewed, Richards responded by stating that one of his supervisors, Ken Bloomer, informed him that "they weren't going to hire any old guys back." (Grieco Deposition, p. 19.) Grieco went on to testify, though, that he understood this remark simply to mean that Bloomer had deemed plaintiff ineligible for the position as a result of the departmental policy on retirees. According to Grieco, he did not understand the remark to have anything to do with age, but merely that "[t]hey didn't want to hire anybody, that had retired from here, back." (Grieco Deposition, p. 64.)

{¶10} Upon review, reasonable minds cannot conclude that the remark constitutes direct evidence sufficient to prove unlawful discrimination.

{¶11} In its motion, defendant contends that plaintiff also cannot demonstrate an indirect claim of disparate treatment. For purposes of plaintiff's prima facie case, there is no dispute that plaintiff was over 40 years old at all times relevant, that plaintiff applied for and was rejected for the position, and that defendant selected a substantially younger person for the position. Although defendant argues that plaintiff was not qualified for the position, the court shall assume at this juncture that he was inasmuch as plaintiff supplied interrogatory responses wherein defendant admitted the same.

{¶12} For purposes of summary judgment, plaintiff is thus able to demonstrate a prima facie case of indirect discrimination. Defendant asserts that it nonetheless had legitimate, non-discriminatory reasons for declining to hire plaintiff.

{¶13} In support of its motion, defendant submitted the affidavit of its former Senior Vice President for Administration and Finance, Monica Rimai. Rimai avers that on March 30, 2007, she issued a memorandum announcing the policy that limited the ability of persons who had retired from defendant from being rehired within the Administration and Finance Department.

{¶14} The memorandum, an authenticated copy of which is attached to Rimai's affidavit, states in relevant part:

{¶15} "[E]ffective April 2, 2007, employees who retire from the university shall not be rehired into a position in Administration and Finance without the written approval of the Senior Vice President and only in extraordinary circumstances.

{¶16} "Exceptions to this policy will be considered only under the following criteria:

{¶17} "1. The retiree has received a disability reinstatement as provided by law, or

{¶18} "2. The retiree has particular expertise necessary to continue the work of the department or the retiree needs to train his/her successor, and

{¶19} "3. The retiree is rehired through a temporary employment agency for a defined period of time not to exceed ninety (90) days."

{¶20} Defendant also submitted the affidavit of Dan Richards. Richards avers that after he obtained approval for a new Air Quality Technician II position in 2009, defendant's human resources department posted the position on its website, accepted applications, and administered written examinations to the applicants. Richards states that he subsequently received a list of the applicants and their exam scores, saw plaintiff's name on the list, and notified his immediate supervisor in light of the departmental policy on retirees. Richards goes on to state that he did not receive an immediate response from his supervisor, so he proceeded to administer the practical examination to plaintiff. According to Richards, he thereafter inquired of a more senior supervisor, Ken Bloomer, about plaintiff's status and was informed that the policy barred plaintiff from obtaining the position, and that Bloomer did not believe it appropriate to seek a waiver to relieve plaintiff from the policy. Richards states that as a result of Bloomer's determination, plaintiff was not scheduled for an interview and was no longer considered for the position. According to Richards, plaintiff's age played no role in the decision to not hire him.

{¶21} In response, plaintiff argues that defendant's reliance upon the policy is pretextual. Plaintiff submitted the deposition testimony of Robert Ambach, who succeeded Rimai as defendant's Senior Vice President for Administration and Finance on December 7, 2009. (Richards stated in his deposition, which plaintiff submitted, that the decision to not consider plaintiff occurred sometime before candidates were interviewed in November 2009). Ambach testified that plaintiff e-mailed him in January 2010 to inquire about the matter. Ambach, who previously served in the college of medicine, testified that he studied the policy and developed an "impression" that the

policy only prevents retirees from being hired into the same position that they retired from, meaning that it should not have barred plaintiff's candidacy. However, Ambach explained that this is only his personal feeling on the matter, that he did not communicate such feeling to Richards or others in the department, and that hiring managers are responsible for applying the policy as they understand it. Furthermore, the decision to not consider plaintiff for the position occurred prior to the time Ambach succeeded Rimai as Senior Vice President for Administration and Finance, and Rimai's explanation of the policy in her affidavit does not distinguish between hiring a retiree into his former position or any other position within the department.

{¶22} Plaintiff also asserts that defendant did not inform him that the policy was the reason why he would not be considered for the position, and that this gives rise to an inference that the policy was later raised as a rationalization. However, plaintiff has presented no affidavit or other evidence to support his assertion, and, to the contrary, the deposition testimony of Griego demonstrates that Richards and Bloomer indeed considered the policy and acted pursuant thereto.

{¶23} Upon review, the only reasonable conclusions to be drawn are that defendant's application of the policy represents a legitimate, nondiscriminatory reason for not hiring plaintiff, and that plaintiff cannot establish that the stated reason was pretext for discrimination. Accordingly, defendant is entitled to judgment as a matter of law on plaintiff's claims of disparate treatment.

{¶24} Regarding the claim of disparate impact, defendant asserts that even if plaintiff were able to establish a prima facie case, defendant is entitled to judgment inasmuch as there existed a business justification for the policy. In her affidavit, Rimai avers that she implemented the policy for several reasons, such as a negative effect on staff morale when a supervisor retired and then came back to the same position, problems associated with supervisors returning to lower-level positions where they had to serve under their former subordinates, and a perception among both staff and the public that it was unfair for defendant's retirees to collect both a pension and a paycheck. And, as Rimai states in both her affidavit and her 2007 memorandum, she felt that the policy would also allow for better succession planning and employee development in the department if retirements from defendant were treated as

permanent separations from employment.  Rimai states that age played no role in the creation of the policy, that persons who had retired from employers other than defendant continued to be hired into the department after the policy was implemented, and that there were occasions when she granted exceptions to the policy as provided for therein.

{¶25} Upon review, reasonable minds can only conclude that defendant had a legitimate business justification for the policy.  Plaintiff has failed to produce evidence from which a reasonable trier of fact could infer that defendant's proffered reasons for the policy are unreasonable, nor is there evidence to support the conclusion that the policy was invoked as a pretext for discrimination.

{¶26} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY D. DUNAWAY

    Plaintiff

    v.

UNIVERSITY OF CINCINNATI

    Defendant

Case No. 2010-11137

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

{¶27} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Jonathan B. Allison
Randolph H. Freking
525 Vine Street, 6th Floor
Cincinnati, Ohio 45202

Velda K. Hofacker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

RCV/dms
Filed January 20, 2012
To S.C. reporter March 23, 2012